# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2011

Lyle W. Cayce
Clerk

No. 11-60092
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT KEITH KING,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:10-CR-77-1

Before BENAVIDES, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert Keith King appeals from his guilty plea conviction of being a convicted felon in possession of a firearm. He contends that his 60-month sentence, which was the result of a variance from his 30-37 month guideline sentencing range, was unreasonable.

The district court's variance was based largely on two episodes. First, King fired the firearm he was convicted of possessing in the direction of his father's pickup truck. Second, King denied to the probation officer that he had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a tattoo when he had an Aryan Nations tattoo from a prior period of incarceration.

Criminal sentences are reviewed for reasonableness in light of the sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38, 49-50 (2007), this court must determine whether the sentence imposed is procedurally sound, including whether the calculation of the advisory guidelines range is correct, and whether the sentence imposed is substantively reasonable. In cases where error has been preserved, sentences both "inside [and] outside the Guideline range" are reviewed for abuse of discretion. *Gall*, 552 U.S. at 51. If the sentencing court did not commit procedural error the appellate court should apply an abuse of discretion standard to determine if the sentence is substantively reasonable. *See id.*

If the court concludes that a sentence outside the Guidelines is warranted, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50. "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

A district court imposing a variance outside the guidelines system must articulate its reasons more throughly "than when it imposes a sentence under the authority of the Sentencing Guidelines." *Smith*, 440 F.3d at 707; *see Gall*, 552 U.S. at 50. The court's reasons for the extent of the variance must be "fact-specific" and consistent with the § 3553(a) sentencing factors. *Smith*, 440 F.3d at 707. The district court's explanation of the sentence must "enable the reviewing court to determine whether, as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *Id.*

No. 11-60092

The district court addressed the circumstances of the offense of conviction when it considered whether King had fired the weapon at Danny King after being told to get out of the vehicle. *See* § 3553(a)(1). Whether King had shot at Danny King previously was relevant to King's state of mind when he fired the weapon towards the pickup truck. *Cf.* FED. R. EVID. 404(b) (providing that extrinsic act evidence may be relevant to intent). Because King had shot out Danny King's window on a previous occasion, it was not improper for the district court to infer that King purposely fired in the direction of the pickup truck, even if he did not intend to kill or injure Danny King. During the commission of the felon-in-possession offense, King demonstrated reckless indifference to Danny King's life and safety. *Cf. United States v. Williams*, 610 F.3d 271, 288 (5th Cir. 2010) (allowing the imposition of the death penalty on a showing of reckless indifference resulting in death). King's indifference to his father's life and safety suggested that the public--including Danny King--should be protected from him. *See* § 3553(a)(2)(C).

King's past prison gang affiliation itself was arguably irrelevant to the issues at sentencing. *See United States v. Simkanin,* 420 F.3d 397, 417-18 (5th Cir. 2005) (stating that beliefs and associations must be relevant to sentencing issues to be considered). However, King's failure to disclose his tattoo impeded the probation officer's performance of her duty to prepare a complete presentence report. King's denial of a tattoo reflected on his lack of respect for the law and his propensity to lie. *See* § 3553(a)(1), (a)(2)(A).

King's discharge of the rifle in Danny King's direction took his possession of the firearm out of the realm of garden variety felon-in-possession cases and suggested that he was a danger to the public. The discharge was also part and parcel of the nature and characteristics of the offense. His lie to the probation officer about whether he had a tattoo reflected poorly on his personal characteristics and on his respect for the law. The district court cited fact-specific reasons for the sentence, and its reasons adequately reflected

No. 11-60092

consideration of the § 3553(a) factors.  *See Smith*, 440 F.3d at 707.  The decision to vary to sentence above the 30-37 month guideline sentencing range was not an abuse of discretion.  *See Gall*, 552 U.S. at 51.

King's guideline sentencing range was 30-37 months of imprisonment, and he faced a maximum statutory sentence of 10 years.  *See* 18 U.S.C. § 924(a)(2).  The 60-month sentence actually imposed was 23 months higher than the highest sentence in the guideline range, and was 60 months lower than the statutory maximum.  This court has affirmed similar or greater degrees of variance or departure.  *See, e.g., United States v. Brantley*, 537 F.3d 347, 349-50 (5th Cir. 2008); *United States v. Jones*, 444 F.3d 430, 433, 442-43 (5th Cir. 2006); *United States v. Zuniga-Peralta*, 442 F.3d 345, 348 (5th Cir. 2006).  King's sentence was reasonable and was not an abuse of discretion.  *See Gall*, 552 U.S. at 51.

AFFIRMED.